COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| EDDIE DALE UNDERWOOD, | § | No. 08-20-00118-CR |
| Appellant, | § | Appeal from the |
| v. | § | 259th District Court |
| THE STATE OF TEXAS, | § | of Jones County, Texas[1] |
| Appellee. | § | (TC# 6880) |
| | § | |

## <u>MEMORANDUM OPINION</u>

Eddie Dale Underwood, *pro se*, is attempting to appeal his conviction for burglary of a building. Finding that Appellant did not timely file his notice of appeal, we dismiss the appeal for lack of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court, or ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX.R.APP.P. 26.2(a)(1), (2). While a court of appeals may extend the time to file the notice of

---

[1] We hear this on transfer from the Eleventh Court of Appeals in Eastland. *See* TEX.R.APP.P. 41.3.

appeal, both the notice of appeal and the extension motion must be filed within fifteen days after the deadline for filing the notice of appeal. *See* TEX.R.APP.P. 26.3. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Here, the judgment of conviction shows that Underwood was sentenced on October 1, 1992. The notice of appeal is dated April 9, 2020.

The notice of appeal was not timely filed, meaning that this Court does not have jurisdiction to entertain a direct appeal from his conviction at this point in time. To the extent Underwood is requesting the remedy of an out-of-time appeal, only the Texas Court of Criminal Appeals has jurisdiction to grant Appellant an out-of-time appeal of his felony convictions. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex.Crim.App. 1991) (explaining that writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).

Accordingly, we dismiss this appeal for lack of jurisdiction. All pending motions are denied as moot.

August 13, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)